UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE DeJESUS RODRIGUEZ,<br><br>Plaintiff,<br><br>v.<br><br>MICHELLE CLEMMONS,<br><br>Defendant. | No. 2:20-cv-0173-EFB P<br><br><br>ORDER |

Plaintiff is a county jail inmate proceeding without counsel in an action brought under 42 U.S.C. § 1983 who seeks leave to proceed in forma pauperis. ECF No. 2.

**I.   Request to Proceed In Forma Pauperis**

Plaintiff's application makes the showing required by 28 U.S.C. § 1915(a)(1) and (2). Accordingly, by separate order, the court directs the agency having custody of plaintiff to collect and forward the appropriate monthly payments for the filing fee as set forth in 28 U.S.C. § 1915(b)(1) and (2).

**II.  Screening Requirement and Standards**

Federal courts must engage in a preliminary screening of cases in which prisoners (including jail inmates) seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious,

1

1    or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a

2    defendant who is immune from such relief." *Id.* § 1915A(b).

3          A pro se plaintiff, like other litigants, must satisfy the pleading requirements of Rule 8(a)

4    of the Federal Rules of Civil Procedure. Rule 8(a)(2) "requires a complaint to include a short and

5    plain statement of the claim showing that the pleader is entitled to relief, in order to give the

6    defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v.*

7    *Twombly*, 550 U.S. 544, 554, 562-563 (2007) (citing *Conley v. Gibson*, 355 U.S. 41 (1957)).

8    While the complaint must comply with the "short and plaint statement" requirements of Rule 8,

9    its allegations must also include the specificity required by *Twombly* and *Ashcroft v. Iqbal*, 556

10   U.S. 662, 679 (2009).

11         To avoid dismissal for failure to state a claim a complaint must contain more than "naked

12   assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of

13   action." *Twombly*, 550 U.S. at 555-557. In other words, "[t]hreadbare recitals of the elements of

14   a cause of action, supported by mere conclusory statements do not suffice." *Iqbal*, 556 U.S. at

15   678.

16         Furthermore, a claim upon which the court can grant relief must have facial plausibility.

17   *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual

18   content that allows the court to draw the reasonable inference that the defendant is liable for the

19   misconduct alleged." *Iqbal*, 556 U.S. at 678. When considering whether a complaint states a

20   claim upon which relief can be granted, the court must accept the allegations as true, *Erickson v.*

21   *Pardus*, 551 U.S. 89 (2007), and construe the complaint in the light most favorable to the

22   plaintiff, *see Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

23   **III.    Screening Order**

24         To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1)

25   that a right secured by the Constitution or laws of the United States was violated, and (2) that the

26   alleged violation was committed by a person acting under the color of state law. *West v. Atkins*,

27   487 U.S. 42, 48 (1988). An individual defendant is not liable on a civil rights claim unless the

28   facts establish the defendant's personal involvement in the constitutional deprivation or a causal

connection between the defendant's wrongful conduct and the alleged constitutional deprivation. *See Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989); *Johnson v. Duffy*, 588 F.2d 740, 743-44 (9th Cir. 1978). That is, plaintiff may not sue any official on the theory that the official is liable for the unconstitutional conduct of his or her subordinates. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

Plaintiff alleges that his "disability and/or welfare benefits" were discontinued in violation of the Social Security Act, the Due Process Clause, and the Equal Protection Clause. ECF No. 1 at 2. Plaintiff has named as sole defendant Michelle Clemmons, a "welfare case worker" at the San Joaquin County Human Services Agency. *Id.* at 2-3. He alleges that defendant Clemmons concluded, on an unknown date, that plaintiff was no longer eligible for the benefits and therefore recommended to her "unit supervisor" that the benefits be terminated. *Id.* Plaintiff alleges that, following defendant's recommendation, his benefits "were terminated without prior notice [and] without a 'fair hearing,'" which, according to plaintiff, was required by the Social Security Act.[1] *Id.* at 3.

Plaintiff's use of the phrase "disability and/or welfare benefits" makes unclear what he is challenging. However, plaintiff has appended to the complaint the 2008 decision of a state administrative law judge with the California Department of Health Care Services concluding that plaintiff was "disabled" as defined under the Social Security Act and therefore entitled to Medi-Cal[2] benefits due to chronic and severe back pain. *Id.* at 19. Presumably, plaintiff is challenging a subsequent decision that he is no longer eligible for Medi-Cal and contends that he was denied a hearing in violation of the Social Security Act, the Due Process Clause, and the Equal Protection

/////

---

[1] Plaintiff alleges that, by denying him a "fair hearing," defendant violated 42 U.S.C. § 602(a)(4).

[2] The federal Medicaid program provides federal funds to states to pay for medical treatment for the needy. *Schweiker v. Gray Panthers*, 453 U.S. 34, 36 (1981). California participates in that program through its California Medical Assistance Program, known as "Medi–Cal," which provides medical services to the aged, disabled, and indigent. *Citizens Action League v. Kizer*, 887 F.2d 1003, 1005 (9th Cir. 1989), *cert. denied*, 494 U.S. 1056 (1990).

Clause.  Plaintiff purports to sue as a defendant an individual identified in the complaint as a "welfare case worker" with the San Joaquin County Human Services Agency.

Due process safeguards are applicable to Medicare benefits.  *Zinman v. Shalala*, 835 F. Supp. 1163, 1168 (N.D. Cal. 1993).  Thus, plaintiff's due process rights must be evaluated under the *Mathews v. Eldridge* balancing test: (1) the private interest that will be affected by the official action; (2) the risk of an erroneous deprivation through the procedures used and the probable value of additional or substitute procedural safeguards; and (3) the fiscal and administrative burdens that additional or substitute procedural requirements would entail.  424 U.S. 319, 341-44 (1976).  Whether plaintiff may proceed on such a claim is problematic jurisdictionally.  However, construed liberally, and for the limited purposes of screening under 28 U.S.C. § 1915A, plaintiff has raised a potentially cognizable due process claim.  *Ryan v. Dreyfus*, No. C09-0908RAJ, 2009 U.S. Dist. LEXIS 88206, at *4-5 (W.D. Wash. Sep. 4, 2009) ("The Due Process Clause of the Fourteenth Amendment to the United States Constitution prohibits states from denying, reducing or terminating Medicaid services without the right to meaningful notice prior to termination or reduction of Medicaid benefits, continued benefits pending a pre-termination hearing, and a fair and impartial pre-termination hearing.").

Plaintiff's equal protection claim fails because plaintiff has included zero facts in his complaint supporting it.  Instead, he nakedly asserts that the termination of his benefits violated his equal protection rights.  "To state a claim for violation of the Equal Protection Clause, a plaintiff must show that the defendant acted with an intent or purpose to discriminate against him based upon his membership in a protected class."  *Serrano v. Francis*, 345 F.3d 1071, 1082 (9th Cir. 2003) (citation omitted).  Alternatively, a plaintiff may state an equal protection claim if he shows that similarly situated individuals were intentionally treated differently without a rational relationship to a legitimate government purpose.  *Vill. of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000) (citations omitted).  The complaint lacks a single fact to support an equal protection claim under either theory.

Thus, the equal protection claim must be dismissed with leave to amend.  Plaintiff may choose to proceed only with his due process claim against defendant Clemmons.  Alternatively,

he may choose to amend his complaint again to state (if he can) a cognizable equal protection claim.

He is cautioned that any amended complaint must identify as a defendant only persons who personally participated in a substantial way in depriving him of his constitutional rights. *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act or omits to perform an act he is legally required to do that causes the alleged deprivation). Plaintiff may also include any allegations based on state law that are so closely to his federal allegations that "the form the same case or controversy." *See* 28 U.S.C. § 1367(a).

The amended complaint must also contain a caption including the names of all defendants. Fed. R. Civ. P. 10(a).

Plaintiff may not change the nature of this suit by alleging new, unrelated claims. *See George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). Nor may he bring multiple, unrelated claims against more than one defendant. *Id.*

Any amended complaint must be written or typed so that it is complete in itself without reference to any earlier filed complaint. E.D. Cal. L.R. 220. This is because an amended complaint supersedes any earlier filed complaint, and once an amended complaint is filed, the earlier filed complaint no longer serves any function in the case. *See Forsyth v. Humana*, 114 F.3d 1467, 1474 (9th Cir. 1997) (the "'amended complaint supersedes the original, the latter being treated thereafter as non-existent.'") (*quoting Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967)).

Any amended complaint should be as concise as possible in fulfilling the above requirements. Red. R. Civ. P. 8(a). Plaintiff should avoid the inclusion of procedural or factual background which has no bearing on his legal claims. He should also take pains to ensure that his amended complaint is as legible as possible. This refers not only to penmanship, but also spacing and organization. Plaintiff should carefully consider whether each of the defendants he names actually had involvement in the constitutional violations he alleges. A "scattershot" approach in which plaintiff names dozens of defendants will not be looked upon favorably by the court.

## IV. Order

Accordingly, it is ORDERED that:

1. Plaintiff's motion to proceed in forma pauperis (ECF No. 2) is granted.
2. Plaintiff's complaint alleges, for screening purposes, a potentially cognizable due process claim against defendant Clemmons.
3. All other claims are dismissed with leave to amend within 30 days from the date of service of this order. Plaintiff is not obligated to amend his complaint.
4. Within thirty days plaintiff shall return the notice below advising the court whether he elects to proceed with the cognizable claim or file an amended complaint. If the former option is selected and returned, the court will enter an order directing service at that time.
5. Failure to comply with any part of this order may result in dismissal of this action.

DATED: April 24, 2020.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

6

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE DeJESUS RODRIGUEZ,<br><br>Plaintiff,<br><br>v.<br><br>MICHELLE CLEMMONS,<br><br>Defendant. | No. 2:20-cv-0173-EFB P<br><br>NOTICE OF ELECTION ON HOW TO PROCEED |

In accordance with the court's Screening Order, plaintiff hereby elects to:

    (1) _____   proceed only with the due process claim against defendant Clemmons;

OR

    (2) _____   delay serving the defendant and file an amended complaint.

_____

Plaintiff

Dated:

7