UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE DeJESUS RODRIGUEZ,<br><br>  Plaintiff,<br><br>  v.<br><br>MICHELLE CLEMMONS,<br><br>  Defendant. | No. 2:20-cv-173-JDP (PC)<br><br>ORDER |

Plaintiff, proceeding without counsel under section 1983, sued defendant Michelle Clemmons ("defendant"), a welfare case worker, for an alleged violation of his due process rights. Defendant has now filed a motion to dismiss.[1] ECF No. 18. Plaintiff has filed two oppositions, ECF Nos. 23 & 27, and defendant has filed a reply, ECF No. 25. I will grant defendant's motion in part.

## Legal Standards

A complaint may be dismissed for "failure to state a claim upon which relief may be granted." Fed. R. Civ. P. 12(b)(6). To survive a motion to dismiss for failure to state a claim, a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim has "facial plausibility when the

---

[1] The parties have consented to magistrate judge jurisdiction. ECF No. 30.

1

plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). The plausibility standard is not akin to a "probability requirement," but it requires more than a sheer possibility that a defendant has acted unlawfully. *Iqbal*, 556 U.S. at 678.

For purposes of dismissal under Rule 12(b)(6), the court generally considers only allegations contained in the pleadings, exhibits attached to the complaint, and matters properly subject to judicial notice, and construes all well-pleaded, material factual allegations in the light most favorable to the nonmoving party. *Chubb Custom Ins. Co. v. Space Sys./Loral, Inc.*, 710 F.3d 946, 956 (9th Cir. 2013); *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012).

Dismissal under Rule 12(b)(6) may be based on either: (1) the absence of a cognizable legal theory, or (2) insufficient facts under a cognizable legal theory. *Chubb Custom Ins. Co.*, 710 F.3d at 956. Dismissal is also appropriate if the complaint alleges a fact that necessarily defeats the claim. *Franklin v. Murphy*, 745 F.2d 1221, 1228-29 (9th Cir. 1984).

Pro se pleadings are held to a less-stringent standard than those drafted by lawyers. *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (per curiam). However, the court need not accept as true unreasonable inferences or conclusory legal allegations cast in the form of factual allegations. *See Ileto v. Glock Inc.*, 349 F.3d 1191, 1200 (9th Cir. 2003) (citing *Western Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981)).

Analysis

I.   Background

Plaintiff alleges that his due process rights were violated when defendant, a welfare case worker employed by San Joaquin County, terminated his Medi-Cal welfare benefits without a "fair hearing."[2] ECF No. 1 at 3. He is suing defendant in both her individual and official capacities. *Id.* at 3. A previous screening order found that, because due process safeguards are

---

[2] As noted in the previous screening order, plaintiff's complaint does not identify the welfare benefits at issue. ECF No. 4 at 3. However, the California Department of Health Care Services administrative decision appended to the complaint shows that Medi-Cal benefits are at issue. *Id.* at 19.

applicable to Medicare benefits, plaintiff had stated a potentially cognizable claim. ECF No. 4 at 4 (citing *Zinman v. Shalala*, 835 F. Supp. 1163, 1168 (N.D. Cal. 1993)).

## II. Analysis

Defendant raises three arguments in support of her motion to dismiss. First, she states that the complaint fails to allege any causal connection between her conduct and the alleged violation of plaintiff's rights. ECF No. 18 at 5. Second, she states that plaintiff has failed to allege the elements of an official capacity claim against San Joaquin County. *Id.* Third, she claims that, based on documents which the court should take judicial notice of, this action is now moot. *Id.* at 6. I consider mootness first, since it could relieve the court of jurisdiction. *See Church of Scientology v. United States*, 506 U.S. 9, 12 (1992) ("It has long been settled that a federal court has no authority to give opinions upon moot questions or abstract propositions, or to declare principles or rules of law which cannot affect the matter in issue in the case before it.") (internal quotation marks omitted).

### A. Mootness

Defendant argues that this action is moot because plaintiff received "timely and adequate notice" of the intended termination of his Medi-Cal benefits. ECF No. 18 at 3-4. In support of that argument, she asks the court to take judicial notice of three exhibits: (1) a Medi-Cal renewal form sent to plaintiff and dated September 5, 2019 (ECF No. 18-3 at 4-34); (2) a reminder notice sent to plaintiff and dated October 25, 2019, indicating that the County of San Joaquin had not received his Medi-Cal renewal form (*id.* at 36); and (3) a notice of action dated November 18, 2019 that informed plaintiff that his Medi-Cal benefits were being stopped because he had not provided the required renewal information (*id.* at 38-40). I will take judicial notice of the existence and facial content of these documents. *See* Fed. R. Evid. 201(b); *see also United States v. 14.02 Acres of Land More or Less in Fresno County*, 547 F.3d 943, 955 (9th Cir. 2008) ("Judicial notice is appropriate for records and reports of administrative bodies."); *Grant v. Aurora Loan Servs.*, 736 F. Supp. 2d 1257, 1263-64 (C.D. Cal. 2010) (taking judicial notice of documents recorded by Los Angeles County Recorder's Office). This does not, however, establish mootness.

A case is moot "when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Powell v. McCormack*, 395 U.S. 486, 496 (1969). Here, judicially noticeable fact cannot establish mootness. The existence of the aforementioned documents does not show that plaintiff actually received timely and adequate notice (and plaintiff says that he did not). *See Lee v. City of Los Angeles,* 250 F.3d 668, 669 (9th Cir. 2001) ("[A] court may not take judicial notice of a fact that is 'subject to reasonable dispute.'"); *Hennessy v. Penril Datacomm Networks*, 69 F.3d 1344, 1354 (7th Cir. 1995) ("In order for a fact to be judicially noticed, indisputability is a prerequisite. Given that there was considerable argument over the significance of the 10-K form, the judge properly found that its contents were subject to dispute."); *Rivera v. Phillip Morris, Inc.*, 395 F.3d 1142, 1151 (9th Cir. 2005) ("The notes of the advisory committee with regard to Federal Rule of Evidence 201 explain that '[a] high degree of indisputability is the essential prerequisite' to taking judicial notice of adjudicative facts and that 'the tradition [of taking judicial notice] has been one of caution in requiring that the matter be beyond reasonable controversy.'") (alterations in original)). We don't know, for example, that the letters reached plaintiff.

Defendant also argues that the case is moot because the documents establish that "[plaintiff] is now eligible for Medi-Cal benefits upon submission of the appropriate packet of information." ECF No. 18 at 6. This argument also relies on an inference outside the facial contents of the judicially noticed documents. Based on the documents themselves, we can't say that plaintiff is still eligible for benefits if he resubmitted today. And even if defendant's argument is accepted it does not establish mootness. Plaintiff seeks monetary damages in addition to injunctive relief. ECF No. 1 at 5. A court in this district rejected a similar claim of mootness after reasoning that the claimant might still be entitled to damages based on the alleged denial of due process. *See Rodriguez v. Vega*, No. 2:15-cv-0158-GGH-PS, 2015 U.S. Dist. LEXIS 151910, *10-11 (E.D. Cal. Nov. 9, 2015) ("Defendant moves to dismiss the action, claiming that plaintiff has been found eligible and is receiving Medi-Cal and CalFresh benefits, and it is up to him to complete a new application for GA benefits with proof of filing an SSI (Social Security Supplemental Income) application . . . . However, since plaintiff is seeking only

4

damages, his claims are not moot.").

B. Causation

Next, defendant argues that plaintiff's complaint fails to allege a causal connection between her conduct and the violation of his due process rights. ECF No. 18 at 5. This argument is unpersuasive.

Plaintiff's complaint sufficiently alleges that defendant, by her intentional conduct, violated his due process rights. A successful procedural due process claim is comprised of two elements: "deprivation of a constitutionally protected liberty or property interest and denial of adequate procedural protection." *Krainski v. Nevada ex rel. Bd. of Regents of Nevada Sys. of Higher Educ.*, 616 F.3d 963, 970 (9th Cir. 2010) (internal citation omitted). Here, plaintiff has alleged that he was deprived of a protected interest—his Medi-Cal benefits—and was denied adequate procedural protection insofar as he was not afforded any notice prior to the deprivation. ECF No. 1 at 3. And to establish personal liability, he need only allege that defendant acted under color of state law and caused the deprivation of his federal right. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985) ("[T]o establish *personal* liability in a § 1983 action, it is enough to show that the official, acting under color of state law, caused the deprivation of a federal right.") (emphasis in original). Plaintiff has alleged as much. The complaint is not a model of specificity or organization, but pro se pleadings, especially in the context of a motion to dismiss, are held to a less stringent standard than pleadings drafted by counsel. *See Sherman v. Yakahi*, 549 F. 2d 1287, 1290 (9th Cir. 1977).

C. Official Capacity Claims

Defendant correctly argues that plaintiff has failed to allege the elements of an official capacity claim against San Joaquin County. *See Brandon v. Holt*, 469 U.S. 464, 471 (1985) ("[A] judgment against a public servant 'in his official capacity' imposes liability on the entity that he represents provided, of course, the public entity received notice and an opportunity to respond."). To sustain a claim against the county, plaintiff must allege that the constitutional violation resulted from an official policy or custom. *See Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 925 (9th Cir. 2001). The complaint fails to identify any county policy or custom that

5

contributed to the alleged violation of plaintiff's due process rights. I therefore will dismiss his official capacity claims without prejudice.

### Order

It is ORDERED that defendant's motion to dismiss, ECF No. 18, is GRANTED in part. Plaintiff's official capacity claims against defendant are dismissed without prejudice. The motion is denied in all other respects.

Dated: October 15, 2020

_____
UNITED STATES MAGISTRATE JUDGE